# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| NIPPONKOA INSURANCE CO., LTD., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:08-CV-976 CAS |
| TOWNE AIR FREIGHT, LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On July 30, 2008, defendant filed a motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, accompanied by an affidavit and two exhibits (Doc. 7). For the following reasons, the Court will convert defendant's motion to dismiss to a motion for summary judgment, and deny the same without prejudice.

A motion to dismiss pursuant to Rule 12(b)(6) must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court. McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (quoting Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 948 (8th Cir. 1999)). When matters outside the pleadings are presented on a motion to dismiss, the court may either treat the motion as one to dismiss and exclude the matters outside the pleadings, or treat the motion as one for summary judgment and provide the parties with notice and an opportunity to provide further materials. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992).

In this case, defendant has submitted the affidavit of its Chief Financial Officer, Joseph A. Dooley. Mr. Dooley states facts that are not alleged in plaintiff's amended complaint. He also attaches to the affidavit a copy of the multi-page bill of lading prepared for the computer machine parts in the shipment at issue (which is referenced in the amended complaint) and a copy of defendant's delivery receipt for the shipment. Defendant explains in its memorandum in support of its motion to dismiss that the affidavit and exhibits are submitted "solely to identify that the shipment involved in this lawsuit was transported by truck, which is not clear from NipponKoa's Amended Complaint."

Because defendant has submitted matters outside the pleadings in connection with its motion to dismiss, it is appropriate for the Court to treat the motion as a motion for summary judgment under Rule 56, Fed. R. Civ. P. Defendant's motion, however, does not include a statement of uncontroverted material facts as required by Local Rule 4.01(E) and as a result is not in compliance with the Local Rules. The Court will deny the motion to dismiss without prejudice. Defendant may file a motion for summary judgment in conformance with Local Rule 4.01(E). Plaintiff's response will be due thirty (30) days after any motion for summary judgment is filed, and defendant's reply will be due ten (10) days after the response.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is converted to a motion for summary judgment under Rule 56, Fed. R. Civ. P., and is **DENIED** without prejudice for failure to comply with Local Rule 4.01(E). [Doc. 7]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of August, 2008.