UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY, LTD., | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) CASE NO.: 4:08-cv-000976-CAS |
| TOWNE AIR FREIGHT, LLC, | ) ) ) |
| *Defendant.* | ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AFFIDAVITS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Towne Air Freight, LLC ("Towne"), in support of its Motion to Strike portions of various statements and exhibits contained in affidavits (declarations) submitted by Plaintiff NipponKoa Insurance Company, Ltd. ("NipponKoa") in opposition to Towne's Motion for Summary Judgment states that the identified statements and exhibits fail to comply with the requirements of Fed. R. Civ. P. 56(e) and the Federal Rules of evidence.  Rule 56 requires that affidavits supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  The objected-to portions of NipponKoa's opposition affidavits fail to comply with these rules and should be stricken, as follows:

1

11576/010/pl/158

**Declaration of Jacqueline M. James**

In opposition to Towne's Motion for Summary Judgment, NipponKoa submitted the Declaration of Jacqueline M. James. Ms. James is one of NipponKoa's lawyers in this case.  Her Declaration states, in relevant part, "I declare the following is true, upon information and belief, under penalty of perjury under the laws of the United States."  Ms. James then proceeds with 37 separately numbered paragraphs and 37 corresponding attached exhibits purporting to be "true" copies of certain documents.  However, none of the documents attached as Exhibits 1, 8, 9, 12, 16, 18, 20, 21, 22, 23, 24, 25, 32, 33, 36 and 37 to Ms. James' Declaration is a document for which she has shown to be true of her own personal knowledge as required by Rule 56(e).

Rule 56 (e) requires that an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." Rule 56(e) (1), Fed. R. Civ. P. Testimony and documents offered "upon information and belief" clearly are not sufficient to satisfy the requirements of Rule 56(e).  Ms. James has not stated the basis for any personal knowledge on her part concerning the offered Exhibits.  She has no personal knowledge of their truth or accuracy and has, at most, only second-hand knowledge of them and only during this lawsuit.

In opposing a party's motion for summary judgment, an opposition affidavit containing only conclusory statements from its attorney not based on personal knowledge that does not set forth facts that would be admissible in evidence does not comply with the requirements of Rule 56(e).  *Postscript Enterprises v. City of Bridgeton,* 905 F. 2d 223, 226 (8th Cir. 1990); *Kamen v. American Tel & Tel Co.,* 791 F. 2d 1006, 1011 (2nd Cir. 1986) ("Attorney's affidavits not based on personal knowledge have been held not to comply with Rule 56(e). . . ."). See also, *Freidel v.*

*City of Madison,* 832 F. 2d 965, 969-970 (7th Cir. 1987) (court properly ignored affidavit of plaintiff's attorney that contained claims which were not based on personal knowledge); *Anderson v. Dillard's Inc.,* 109 F. Supp. 2d 1116, 1121 (E.D. Mo. 2000) (court struck counsel's affidavit, which attempted to introduce documents collected during discovery because he had no personal knowledge of the evidence).

Here, Ms. James has no personal knowledge of nor has she identified with any specific facts the basis for the asserted truth or authenticity of Exhibits 1, 8, 9, 12, 16, 18, 20, 21, 22, 23, 24, 25, 32, 33, 36 and 37. For example, IBM, NipponKoa's insured and the shipper of the shipment in this subrogation lawsuit, previously testified that the documents attached as Exhibit 8 to Ms. James' Declaration are IBM's required bill of lading, and they plainly state, "Straight Bill of Lading Short Form."[1] SOF, ¶¶ 9, 10. Unhappy with that clear, undisputed fact, Ms. James, in her Declaration, now purports, with no foundation or personal knowledge, to muddy the waters by stating that Exhibit 8 represents "a true copy of the IBM *Shipment Receipts.*" (Emphasis added). The documents contain no such identification, and IBM has admitted they are its company-required bills of lading. Obviously, Ms. James is attempting to manipulate and distort a material undisputed fact for her and NipponKoa's goal of avoiding summary judgment. Ms. James' Par. 8/Exhibit 8 statement is reflective of many distortions and misrepresentations NipponKoa makes throughout its opposition to Towne's Motion for Summary Judgment.

Similarly, Ms. James has demonstrated no personal knowledge of the other exhibits identified in this Motion to Strike. She is NipponKoa's lawyer, not a fact witness. There is no

---

[1] This is but one of many examples in this case where NipponKoa, contrary to material, uncontroverted witness deposition testimony, attempts to distort facts or create new ones to avoid summary judgment against it. NipponKoa and its insured, IBM, are bound by the consequences of the bill of lading IBM created and by the agreements entered into by IBM's agent, Nippon Express. *Siren, Inc. v. Estes Express Lines,* 249 F. 3d 1268, 1271-1273 (11th Cir. 2001); *Werner Enterprises, Inc. v. Westwind Maritime International, Inc.,* 554 F. 3d 1319 (11th Cir. 2009).

3

information showing that any of her attached exhibits are true of her own personal knowledge. None is admissible as an exception to the hearsay evidence rule, and all should be stricken.

Finally, with respect to Exhibit 37 to Ms. James' Declaration, a purported and incomplete U.S. Department of Transportation Cargo Liability Study, that document should also be stricken, for the reasons stated above and because it does not comply with the requirements of Rule 803(8). Rule 803(8) permits the admissibility of "factual findings resulting from an investigation made pursuant to authority granted by law." There is nothing in the proffered Exhibit 37 Cargo Liability Study to show that it resulted from "an investigation made pursuant to authority granted by law" and, moreover, the proffered Exhibit 37 is not even complete. It contains only pages 18, 19 and 27 of an obviously multi-page, unknown document. Ms. James' Exhibit 37 utterly fails to qualify under any of the other exceptions to the hearsay evidence rule. Clearly, this document is inappropriate hearsay and should be stricken.

**Declaration of Thomas Dorst**

Towne has also moved to strike Paragraphs 3, 4, 6, 7, 8 and 9 of the Declaration of Thomas Dorst submitted by NipponKoa in opposition to Towne's Motion for Summary Judgment. These statements also are clearly not based upon Dorst's personal knowledge and fail to comply with the requirements of Rule 56(e) as cited above. Dorst has shown no basis for the truth of his statements in Par. 3, wherein he admits that he "[has] been informed" about the accident involving IBM's computer equipment in Towne's truck. Similarly, Dorst has no personal knowledge and has shown no basis for his statements in Par. 4 of his Declaration concerning surveying of the shipment and its subsequent transportation and handling. Dorst also has shown no basis for the statements in Pars. 6, 7, 8 and 9 of his Declaration and has shown no

documentation to back-up the statements in Par. 7 as to his instructions to others or as to the "search" allegedly conducted by Nippon Express' staff for any other claims subsequent to Towne's accident. Nor has Dorst demonstrated any basis for or documented his conclusory statement that "all of [Nippon Express'] sub-contracting carriers…generally comply with these requests." This is complete undocumented, unreliable hearsay and not remotely based on Dorst's alleged personal knowledge.

Similarly, Dorst's statement in Par. 8 that Nippon Express' "search" revealed no other claims and in Par. 9 that "each leg of the transport returning to Japan was properly documented," are not of his personal knowledge and are inadmissible, especially where he has not attached any such "proper documentation" as required by Rule 56(e). At his deposition on March 10, 2009, Dorst admitted having no knowledge of the multiple modes of carriers who transported the shipment to Japan after the June 7, 2007 inspection in Wichita or the manner in which it was handled. *Dorst Dep.*, 96-97; *see also*, Towne's SOF, ¶¶ 97, 108, 109. These sections of Dorst's Declaration utterly fail to comply with the requirements of Rule 56(e) and should be stricken.

Dorst's statements in Pars. 7, 8 and 9 also fail to comply with the requirements of Rule 803(7) of the Federal Rules of Evidence concerning the absence of an entry in a record kept in the usual course of a party's business. That exception to the hearsay evidence rule provides that a matter may be admissible if it was of a kind of which a memorandum, report, record or date of compilation "was regularly made and preserved." Dorst has offered no testimony, document, report, record or date of compilation that relates to a single statement in Pars. 7, 8 and 9 of his Declaration, and hence they should all be stricken.

5

**Declaration of Akira Yamano**

Towne has also moved to strike Par. 11 of the Declaration of Akira Yamano. Although Yamano purports to have made his declaration "based upon [my] personal knowledge," clearly the statements made in Par. 11, that "it is clear that the impact to the commodity exceeds the manufacturer's specifications, considering the height of the fall," are not of Yamano's personal knowledge. Yamano has no knowledge whatsoever, nor has he shown any basis for any statement as to "the height of the fall." In fact, there was no fall. As previously identified by Towne, the IBM computer shipment never fell out of Towne's truck during the accident but was off-loaded and re-loaded onto another Towne trailer to complete the transportation of the shipment. Towne S.O.F., ¶ 60. Clearly, Yamano is basically making things up to suit his and NipponKoa's purposes – again distorting, misrepresenting or creating facts in an effort to avoid summary judgment. Yamano has failed to show any facts or data upon which his conclusory statements and opinions in Par. 11 of his Declaration are based, and they should therefore be stricken.

**Declaration of Ryan Coffey**

Towne also moves to strike Pars. 14, 15 and 16 of the Declaration of Ryan Coffey relating to the computers being sent to IBM Japan for further inspections, the results of alleged "tests" provided to him and the methodology used by NKKK in reaching its conclusions. Clearly, none of those statements and materials referenced in Pars. 14, 15 and 16 of Coffey's Declaration are true facts based upon Coffey's personal knowledge. They are, at best, second-hand hearsay information, the veracity of which is seriously doubted, provided to Coffey by others. At a trial, Coffey would not be permitted to testify as he purports to do in Pars. 14, 15

6

and 16 of his Declaration.  Those statements do not meet the requirements of Rule 56(e) and should be stricken.

## Conclusion

For the foregoing reasons, Defendant Towne Air Freight, LLC respectfully submits that the Court should grant Towne's Motion to Strike the Affidavit Testimony and Exhibits proffered by Plaintiff NipponKoa Insurance Company, Ltd. as identified in this Motion.

        TOWNE AIR FREIGHT, LLC

        By its attorneys,

        */s/ Wesley S. Chused*

July 29, 2009        Wesley S. Chused
        *Pro hac vice appearance*
        Looney & Grossman LLP
        101 Arch Street
        Boston, MA 02110
        (617) 951-2800
        wchused@lgllp.com

        and

        Gary W. Bomkamp
        Roberts, Perryman, Bomkamp & Meives
        One US Bank Plaza, Suite 2300
        St. Louis, MO  63101
        (314) 421-1850, Ext. 3120
        gbomkamp@rpbm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed manually or through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (see below) on this 29th day of July 2009.

      David T. Maloof, Esq.
      MALOOF BROWN & EAGAN, LLC
      411 Theodore Fremd Avenue
      Suite 190
      Rye, NY  10580
      dmaloof@maloofandbrowne.com

      Jacqueline James, Esq.
      MALOOF BROWN & EAGAN, LLC
      411 Theodore Fremd Avenue
      Suite 190
      Rye, NY  10580
      jjames@maloofandbrown.com

      */s/ Wesley S. Chused*_____
      Wesley S. Chused

11576/010/pl/158