# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| NIPPONKOA INSURANCE CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-976 CAS |
| | ) | |
| TOWNE AIR FREIGHT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Towne Air Freight, LLC's motion to strike portions of plaintiff's affidavits in opposition to defendant's motion for summary judgment. Plaintiff has filed a response in opposition to the motion. Defendant has not filed any reply in support of its motion, and the time for doing so has passed.

As an initial matter, the Court commends plaintiff for its tact in responding to portions of defendant's motion. Parts of the motion, especially those concerning the declaration of Ms. James and the declaration of Mr. Yamano, are baseless and likely push the bounds of Federal Rule of Civil Procedure 11. While the Court has considered each issue raised by defendant, the Court will cite to plaintiff's response (to which no reply was filed) where further analysis of the issue by the Court would be a waste of judicial resources.

**Declaration of Jacqueline M. James**

In opposition to defendant's motion for summary judgment, plaintiff submitted a counter-statement of material facts in accordance with Local Rule 7-4.01(E). Along with its counter-statement of material facts, plaintiff submitted the declaration of one of its attorneys, Jacqueline M.

James. The declaration of Ms. James states in 37 separately numbered paragraphs that upon information and belief, "I attach as Exhibit [1-37] a true copy of [description of Exhibit]." Essentially, the declaration is no more than a table of contents to the exhibits submitted by plaintiff.

Defendant moves to strike portions of the declaration, stating that it was not made on personal knowledge and Ms. James has not identified the basis for the truth or authenticity of Exhibits 1, 8-9, 12, 16, 18, 20-25, 32-33, and 36-37. Plaintiff responds that seven of the exhibits are defendant's own documents, produced to plaintiff by defendant, maintained by defendant as business records in the normal course of its business, authenticated by defendant's witnesses during their deposition testimony. Plaintiff states the remaining documents are third-party documents that have been previously authenticated under oath.

Defendant has not filed any reply, leaving it to the Court to cross-reference each exhibit with the record and deposition testimony. As plaintiff has amply demonstrated, and the Court finds, the contested exhibits are either defendant's own business records (Ex. Nos. 12, 18, 20-24) or third-party documents (Ex. Nos. 1, 8-9, 25, 32-33, 36), all authenticated during deposition testimony, or are public or governmental documents that fall under an exception to the hearsay rule (Ex. Nos. 16, 37). See Fed. R. Evid. 803(8); see also Pl. Resp. at 3-7 (providing cross-references to record). The Court will deny defendant's motion seeking to strike Ms. James' declaration.

**Declaration of Thomas Dorst**

Next, defendant seeks to strike paragraphs 3-4 and 6-9 of the declaration of Thomas Dorst, submitted by plaintiff in opposition to defendant's motion for summary judgment. Defendant states these paragraphs contain information outside Mr. Dorst's personal knowledge. Further, defendant states paragraph 7 is not supported by documentation, and paragraphs 7-9 do not comply with the

2

requirements of Federal Rule of Evidence 803(7) concerning the absence of an entry in the record. Plaintiff responds that all of the statements are within Mr. Dorst's personal knowledge, and Rule 803(7) allows for this evidence to be admitted as evidence of a "non occurrence."

In his declaration, Mr. Dorst states that he is the Manager of Global Operations at Nippon Express U.S.A., Inc. and his duties include managing and implementing IBM's international shipments from a corporate level. He states that Nippon Express has established a claims process by which all accidents involving IBM goods are reported, documented and preserved in the regular course of business. In paragraphs 3 and 4, he relies upon and cites page 4 of the NKKK survey report. By citing the NKKK survey report as the source of this knowledge and stating that "[he] has been informed that . . . ," Mr. Dorst does not purport to be stating personal knowledge, but is merely providing background information to give context to his following statements.

In paragraphs 6-9, Mr. Dorst states that he instructed his staff to conduct a search for all claims or notations of damage arising from the transport of the computers from Wichita, Kansas to Narita, Japan. In his declaration, he states: "The search did not reveal any such claims . . . ." and "[A search of Nippon Express Japan records] was conducted and revealed no such claims." Dorst Decl. at ¶¶ 8-9. This is admissible as evidence pursuant to Federal Rule of Evidence 803(7). Under that rule, evidence that a matter is not included in a company's records can prove the non occurrence of a matter if it is the kind which would normally require a notation or documentation in the record. See Fed. R. Evid. 803(7). Defendant argues further that Mr. Dorst has not provided documentation to back up his statements that no documentation was found. As plaintiff succinctly puts it, "That is exactly what Mr. Dorst's declaration confirms: Nippon Expres has a procedure by which it records damage to IBM's cargo . . . no record of any secondary loss was located." The Court finds that Mr.

3

Dorst's declaration is based on his personal knowledge and is admissible evidence of a non occurrence. Defendant's motion to strike will be denied.

**Declaration of Akira Yamano**

Defendant moves to strike paragraph 11 of Akira Yamano's affidavit in which Mr. Yamano states "It is clear that the impact to the commodity exceeds the manufacturer's specifications, considering the height of the fall." Defendant states that Mr. Yamano has no knowledge as to the height of the fall, and claims "there was no fall."

"[A]n expert may rely on otherwise inadmissible hearsay evidence in forming his opinion if the facts and data upon which he relies are of a type reasonably relied upon by experts in his field." Brennan v. Reinhart Institutional Foods, 211 F.3d 449, 450 (8th Cir. 2000) (internal quotations omitted). Mr. Yamano, a surveyor, may rely upon manufacturing specifications. See Yamano Dec. at ¶ 9. To the extent defendant claims there was no fall, this is a misrepresentation of the record. Based on the testimony of defendant's safety manager, who was present at the scene of the crash, defendant's truck crashed into a ditch and required two wreckers to upright. When the entire truck "falls" on its side, it is hard to imagine how defendant can claim there was no fall. Defendant's assertion that "Yamano is basically making things up to suit his and NipponKoa's purposes —again distorting, misrepresenting or creating facts in an effort to avoid summary judgment" is baseless, and the Court again commends plaintiff for its tact in responding to such statements. Defendant's motion will be denied.

**Declaration of Ryan Coffey**

Finally, defendant moves to strike paragraphs 14-16 of the Declaration of Ryan Coffey. These paragraphs state that Mr. Coffey relied upon testing results provided to him by third party experts and

4

test results provided by the manufacturer of the computer equipment. As stated above, an expert may rely on otherwise inadmissible hearsay in forming his opinion if the facts upon which he relies are of a type reasonably relied upon by an expert. See Brennan, 211 F.3d at 450. The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Towne Air Freight, Inc.'s motion to strike portions of plaintiff's affidavits in opposition to defendant's motion for summary judgment is **DENIED**. [Doc. 62]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of September, 2009.